IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3025 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GARY OH WARD, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the Magistrate Judge's Recommendation—made orally at the conclusion of the suppression hearing (filing 153; filing 155, at 75-81)—that the defendant's motion to suppress (filing 135) be denied. The defendant has objected to the Recommendation (filing 158) pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3. After a de novo review of the Magistrate Judge's Recommendation pursuant to 28 U.S.C. § 636(b)(1) and NECrimR 57.3, I conclude that the Magistrate Judge's Recommendation should be adopted; the defendant's objections (filing 158) to the Recommendation should be denied; and the defendant's motion to suppress (filing 135) should be denied for the reasons articulated by Magistrate Judge Piester (filing 155, at 75-81).

    This motion concerns a traffic stop. The defendant was the driver of a rental van which was pulling a trailer. The van was following another vehicle too closely.[1] A state trooper stopped the defendant's vehicle, approached the vehicle and asked the defendant to sit in the patrol car to answer questions while the passenger remained in the vehicle. The trooper had determined that he would issue a warning ticket, and had obtained the information he needed to complete the warning ticket but had not actually completed the warning ticket or handed it to the defendant. At that point, he

---

[1] For purposes of this motion to suppress, the defendant concedes that the trooper had a lawful basis to initiate the traffic stop. (Filing 166, D.'s Br. at 10.)

approached the vehicle to check the VIN and to question the passenger. The defendant concedes, for purposes of this motion to suppress, that after completion of the interrogation of the passenger, the trooper had acquired reasonable suspicion to extend the detention of the defendant to accommodate the use of a canine drug unit. The defendant does not contest the ultimate search of the trailer, which revealed the contraband which is the basis of the charges against him. (Filing 166, D.'s Br. at 10.)

The defendant objects to the Report and Recommendation on the sole ground that the detention of the defendant, from the time the trooper exited the patrol vehicle and returned to the defendant's vehicle to check the VIN and question the passenger to verify the information provided by the driver, was unlawful. (Filing 166, D.'s Br. at 10.)[2]

I agree with Judge Piester that the trooper had reasonable articulable suspicion to extend the traffic stop when he returned to the defendant's vehicle after questioning the defendant in his patrol car. Furthermore, I note that returning to the defendant's vehicle to check the VIN and confirm the defendant's answers to questions with the passenger was a part of the "reasonable investigation" justified by the traffic stop. United States v. Sanchez, 417 F.3d 971, 974-75 (8th Cir. 2005) (traffic stop justifies reasonable investigation, and reasonable investigation includes questioning the passenger to verify the information provided by the driver; United States v. Flores, 359 F. Supp. 2d 871, 876 (D. Ariz. 2005) (checking the VIN, like checking the driver's license, "is a reasonable part of a traffic stop"). Cf. New York v. Class, 475 U.S. 106, 111-114 & 120 (1986) (in investigation following traffic stop for speeding, officers could move papers obscuring VIN as there is no reasonable expectation of privacy in VIN; concurrence by Justice Powell observes that "an

---

[2]Though the objection included another ground (the trooper made the decision to detain the defendant because he exercised his right to refuse permission to search the trailer), the defendant failed to brief that ground and has thus abandoned it. NECrimR 57.3(a).

officer making a lawful stop of a vehicle has the right and duty to inspect the VIN.") The fact that the officer had all the information he needed to complete the warning ticket for following too closely[3] does not nullify the officer's right to complete the reasonable investigation justified by the traffic stop by obtaining the VIN and questioning the passenger to verify the information provided by the driver.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Recommendation (filing 153) is adopted;

2. The objection to the Recommendation (filing 158) is denied;

3. The motion to suppress (filing 135) is denied; and

4. The Clerk of Court shall provide a copy of this Memorandum and Order to the assigned Magistrate Judge.

May 5, 2006                                BY THE COURT:

                                           *s/Richard G. Kopf*
                                           United States District Judge

---

[3] The VIN is not a requisite element of the warning ticket. (Filing 155, Tr. 49-50.)