IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>　　　　　Plaintiff, )<br>) 　　4:05CR3025<br>vs. )<br>) 　　**PRELIMINARY ORDER**<br>GARY OH WARD, ) 　　**OF FORFEITURE**<br>SOKHA KEO, )<br>DANIEL L. MOORE, )<br>LILLIAN RUIZ, )<br>)<br>　　　　　Defendants. ) | |

NOW ON THIS 26th day of July, 2006, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants, Gary Oh Ward and Daniel Moore, have entered into Plea Agreements, whereby they have agreed to plead guilty to Counts I, III and IV of the Indictment. Count I of said Indictment charges the Defendants with conspiracy to distribute and possess with intent to distribute marijuana, a violation of 21 U.S.C. § 846. The Defendant, Sokha Keo, has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, II and III of said Information. Count I of said Information charges the Defendants with misprison of a felony, a violation of 18 U.S.C. § 4. The Defendant, Lillian Ruiz, has entered into a Plea Agreement, whereby she has agreed to plead guilty to Count I of said Information and waive whatever interest she had in the $112,895.00 and $2,486.00 in United States currency. Counts III and IV of the Indictment charges the Defendant with using $112,895.00 and $2,486.00 in United States currency to facilitate the commission of the controlled substance violation and charges said personal properties are derived from proceeds

obtained directly or indirectly as a result of the commission of the controlled substance violation. Counts II and III of the Information sought the same forfeiture.

2.  By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853.

3.  The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.  Based upon Counts III and IV of the Indictment, Counts II and III of the Informations and the Defendants' pleas of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described properties:  $112,895.00 and $2,486.00 in

United States currency

C.  The Defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D.  The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties

in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

    F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

    G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

    H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

    ORDERED this 26th day of July, 2006.

BY THE COURT:

s/ *RICHARD G. KOPF*
United States District Judge